IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS SPEER,

Plaintiff,

vs. Case No. 20-3075-SAC

(FNU) BEARDSLEY, et al.,

Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging violations of his constitutional rights during his incarceration at the Hutchinson Correctional Facility (HCF). He brings this case pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v.

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim.

Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. Plaintiff's complaint

A. The defendants

The complaint names the following HCF defendants, most of whom appear to be correctional officers: (fnu) Beardsley; Capt. (fnu) Peppiatt; (fnu) Jiles; (fnu) Chika; (fnu) Messmer; (fnu) Widener, a lieutenant; (fnu) Hackney; (fnu) Bartley; (fnu) Blair; (fnu) Flores, a lieutenant; (fnu) Sanders; John Doe "A"; John Doe #1, a "whistleblower"; (fnu) Smalley, a lieutenant; (fnu) Gillespie; Dan Schnurr, Warden; Tommy Williams, Deputy Warden; Clay Vanhoose, Major; John Markus, lieutenant; (fnu) Bair; and Jon Graves, staff attorney.

The complaint names the following KDOC defendants: Jeff Zmuda, Secretary of Corrections; (fnu) Hrabbi, Deputy Secretary of Corrections; Marci Chamidiling, a director; and Doug Burris, "designee for grievances."

The complaint names the following State of Kansas defendants: Gov. Laura Kelly; Rep. Russell Jennings; and Rep. Leo Delpergang.

The complaint names the following HCF Aramark defendants: (fnu) Pantalone, Director; and J. Doe #1-12, supervisors.

The complaint names the following HCF Corizon defendants: Debra Lundry, HSA/RN; Tim Meade, Director of Nursing; (fnu) Gillette, nurse; Nurse Pam (lnu); Dr. Emanuel Okeke; John Doe, psychologist; and Misty Keolavone, psychologist.

The complaint names the following Reno County, Kansas defendants: (fnu) Henderson, Sheriff; (fnu) Schroeder, District Attorney; Chief Judge Patricia Macke-Dick; and District Court Judge Joseph McCarville.

B. Plaintiff's allegations

Plaintiff alleges that on November 20, 2019, he banged in his cell and complained to defendant Peppiatt that he had not been served his special diet dinner tray. He alleges that she returned to plaintiff's cell and sprayed plaintiff point blank with a chemical spray and continued to spray an excessive amount in spite of plaintiff howling in pain. Plaintiff claims that he covered himself with a blanket on the floor and was again sprayed as

defendants Flores, Widener and Chika, along with other guards, stood by, but did nothing.

Next plaintiff alleges that guards opened his cell, slammed plaintiff's head and body into the toilet and violently punched plaintiff with their fists. Plaintiff believes this was done by defendant Beardsley and "CSI Richards."[2] Plaintiff was cuffed. Still he was beaten and carried from his cell to a segregation cellhouse, where he was briefly sprayed with water and then slammed into a wall.

Then, plaintiff was dragged or carried to "slam-cell"/A-1-132, where he was subjected to more beating and punching, before the handcuffs were removed. Plaintiff alleges that nurse "Jenette"[3] asked if plaintiff was alright. Plaintiff said "no" and asked for medical attention, but nothing was done for hours. Plaintiff asked a guard, defendant Sanders, for help and he examined plaintiff and told plaintiff he would notify the medical staff. But, it was several hours before the "OIC of Seg" asked plaintiff was ok. He got plaintiff some clothes and had plaintiff seen by "Nurse Pam." Nurse Pam had plaintiff taken to the prison infirmary, put a temporary cast on plaintiff's arm, and had plaintiff transported to a hospital. Defendant Smalley and

[2] "CSI Richards" is not a listed defendant.

[3] Plaintiff names a nurse "Gillette" and "Jeanette" elsewhere in the complaint. The court assumes this is a same person.

defendant Gillespie helped transport plaintiff to the hospital and heard plaintiff's complaints.

Plaintiff alleges that he had a severe bone contusion, blurred vision, ringing in his ears and a concussion. He also had knots, contusions, bruises and scrapes all over his body.

Plaintiff went on a hunger strike and was placed on "crisis level" status which plaintiff alleges was done as punishment. Plaintiff claims he was advised by a whistleblower at HCF to get an attorney and file a lawsuit.

Plaintiff asserts that he has submitted numerous administrative complaints, grievances and claims to defendants Hackney, Vanhoose, Markus, Williams, Graves, Schnurr, Burris, Hrabbi and Zmuda. Plaintiff also alleges that he has sent affidavits, letters and requests for investigation to defendants Chamidiling, Gov. Kelly, Rep. Jennings, Rep. Delperdang, Sheriff Henderson, District Attorney Schroeder, Chief Judge Macke-Dick and Judge McCarville. He claims no action has been taken and that the complaints have been ignored.

Plaintiff alleges that on February 14, 2020, he was moved to cell B-1-130 by defendant Beardsley and CSI Richards to harass plaintiff. He asserts that they threatened to cave plaintiff's head in and to beat plaintiff like they did "a few months ago" if plaintiff did not cuff up and move. Plaintiff alleges that they

also declared that plaintiff was on protective custody status to endanger plaintiff's safety among other inmates.

C. Plaintiff's claims

In Count 1, plaintiff alleges excessive force on November 20, 2019 in cell B-1-128 in violation of the Eighth Amendment. In Count 2, plaintiff alleges a custom and practice of excessive force at HCF against current and future HCF prisoners. Count 3 alleges assault and battery in B-1-128 on November 20, 2019 in violation of state criminal statutes. Count 4 alleges excessive force in the A-Cellhouse shower on November 20, 2019. In Count 5, plaintiff claims assault and battery in violation of state criminal statutes. Plaintiff alleges in Count 6 that he was subjected to excessive force on November 20, 2019 in A-1-132. Count 7 claims that plaintiff suffered from deliberate indifference to his medical needs by "Nurse Jeanette" on November 20, 2019 while confined in A-1-132. Count 8 claims that Nurse Jeanette's denial of medical treatment violated state criminal statutes prohibiting criminal mistreatment of confined persons. In Count 9, plaintiff claims his Eighth Amendment rights were violated by "criminal threats" from Richards and Beardsley on February 14, 2020. Finally, in Count 10, plaintiff claims Richards and Beardsley violated state criminal statutes by their threats on February 14, 2020.

III. Screening

A. Count 2 is subject to dismissal.

Count 2 is a duplicative excessive force claim which may be intended to support a class action. Plaintiff, however, has not filed a motion for class certification or made allegations demonstrating the requirements for class certification. See Fed.R.Civ.P. 23(a). One such requirement is that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). Usually, class certification is denied when it is sought by pro se litigants because a layperson lacks legal training and expertise. Amaro v. Attorney General for New Mexico, 781 Fed.Appx. 693, 695 (10th Cir. 2019); Cunningham v. Federal Bureau of Prisons, 709 Fed.Appx. 886, 888 n.1 (10th Cir. 9/21/2017); Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000); Chambers v. Roberts, 2013 WL 6670521 *1 (D.Kan. 12/18/2013). Because Count 2 appears duplicative and plaintiff may not represent other members of a class in federal court, Count 2 is subject to dismissal.

B. Counts 3, 5, 8 and 10 are subject to dismissal.

Counts 3, 5, 8 and 10 allege violations of state criminal statutes.[4] These state statutes do not provide a basis for liability under § 1983 which only protects rights secured by the

[4] K.S.A. 21-5412, K.S.A. 21-5213, K.S.A. 21-5415, K.S.A. 21-5416, K.S.A. 21-5421

Constitution and laws of the United States. Wyatt v. Cole, 504 U.S. 158, 161 (1992)(§ 1983 which is concerned with the protection of "federally guaranteed rights"); D.L. v. United Sch. Dist. No. 497, 596 F.3d 768, 776 (10th Cir. 2010)(§ 1983 requires a showing of a federal constitutional violation or federal law violation, allegations of state law violations do not demonstrate a § 1983 claim).

Nor is there a private cause of action for a violation of those criminal statutes.[5] See Droge v. Rempel, 180 P.3d 1094, 1097 (Kan.App. 2008)("'Kansas appellate courts generally will not infer a private right of action where a statute provides criminal penalties but does not mention civil liability.'")(quoting Pullen v. West, 92 P.3d 584, 597 (Kan. 2004)); see also LeTourneau v. Venture Corporation, 2017 WL 2378331 *6 (D.Kan. 6/1/2017)("the Court is unwilling to infer a private cause of action for a statute with solely criminal penalties").

C. Count 9 is subject to dismissal.

In Count 9, plaintiff alleges his Eight Amendment rights were violated because he was verbally threatened by defendant Beardsley

[5] In addition, the court is not authorized to direct state prosecutorial authorities to bring a criminal case. See State ex rel. Rome v. Fountain, 678 P.2d 146 (1984)("[A] private individual has no right to prosecute another for crime and no right to control any criminal prosecution when one is instituted. Thus, the philosophy of this state has always been that a criminal prosecution is a state affair and the control of it is in the public prosecutor."); cf., Maine v. Taylor, 477 U.S. 131, 136 (1986)("the United States and its attorneys have the sole power to prosecute criminal cases in federal courts"); U.S. v. Davis, 285 F.3d 378, 383 (5th Cir. 2002)(court lacks power to require United States Attorney to sign indictments).

and Richards. The Tenth Circuit has held that such verbal abuse is not sufficient to state a § 1983 claim alleging an Eighth Amendment violation. E.g., Alvarez v. Gonzales, 155 Fed.Appx. 393, 396 (10th Cir. 2005)(threats that officer would "burn this guy"); McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2001)(threats of being sprayed with mace); Walker v. Young, 1992 WL 49785 *2 (10th Cir. 1992)(threats to "get even" and labelling as a snitch did not violate § 1983); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)(threats of being hanged); see also Abeyta v. Chama Valley Independent School District, 77 F.3d 1253, 1256 (10th Cir. 1996)("even extreme verbal abuse typically is insufficient to establish a constitutional deprivation").

D. Personal participation

Plaintiff names numerous defendants but fails to describe facts showing what most of the defendants did to violate plaintiff's civil rights. As noted in section I of this order, plaintiff must identify specific actions taken by particular defendants or specific policies over which particular defendants possessed supervisory responsibility, and plaintiff must make clear exactly who is alleged to have done what to whom. See also, Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008)(personal participation in a constitutional violation is essential for individual liability under 42 U.S.C. § 1983). The court's review of the complaint shows that plaintiff specifically identifies

defendants Peppiatt, Beardsley, Flores, Widener and Chika as exerting excessive force or failing to protect plaintiff therefrom. The complaint also describes "nurse Jeanette and (fnu) Sanders as failing to provide medical care.[6] Otherwise, the complaint does not provide fair notice of what plaintiff alleges the other defendants did to violate plaintiff's civil rights.

Plaintiff may be claiming that his rights were violated because a grievance was denied or a request for investigation was declined by a named defendant. The Tenth Circuit has held, however, that the denial of grievances or requests for investigation are insufficient, in themselves, to establish personal participation in alleged constitutional violations. Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir.2009); Whitington v. Ortiz, 307 Fed. Appx. 179, 193 (10th Cir.2009); Larson v. Meek, 240 Fed.Appx. 777, 780 (10th Cir. 2007); Davis v. Ark. Valley Corr. Facility, 99 Fed. Appx. 838, 843 (10th Cir.2004); see also Allen v. Reynolds, 475 Fed.Appx. 280, 284 (10th Cir. 2012)(notice of dispute given to prison warden does not show his personal participation in unconstitutional conduct).

Also, there is no constitutional right to have law enforcement investigate complaints against other parties or to have a state

[6] The complaint mentions that defendant "nurse Pam" provided medical care and defendants Smalley and Gillespie provided transportation and heard plaintiff's complaints. These allegations are insufficient to state a constitutional violation.

actor report an alleged crime to a charging authority. See Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007)("There is no statutory or common law right, much less a constitutional right, to an investigation"; Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005)(no "federally protected liberty interest" in a certain resolution or investigation of grievances); Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002)(no entitlement to an internal investigation by Sheriff's Department of police brutality complaint); Banks v. Annucci, 48 F.Supp.3d 394, 414 (N.D.N.Y. 2014)("inmates do not enjoy a constitutional right to an investigation of any kind by government officials"); see also Burnett v. Allbaugh, 715 Fed.Appx. 848, 850 (10th Cir. 2017)(no constitutional right to a state grievance procedure); Boyd v. Werholtz, 443 Fed.Appx. 331, 332 (10th Cir. 2011)(inmate has not constitutional right to a state administrative grievance procedure).

IV. Conclusion

For the above-stated reasons, the court directs plaintiff to show cause by September 14, 2020 why Counts 2, 3, 5, 8, 9 and 10 should not be dismissed and why all defendants other than Peppiatt, Beardsley, Flores, Widener, Chika, "nurse Gillette" and Sanders should not be dismissed. In the alternative, plaintiff may file an amended complaint by September 14, 2020 which corrects the deficiencies discussed herein. An amended complaint supersedes

the original complaint and must contain all of the claims upon which plaintiff wishes to proceed. An amended complaint should not refer back to the original complaint.

**IT IS SO ORDERED.**

Dated this 18th day of August, 2020, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge